# IN THE SUPREME COURT OF THE STATE OF DELAWARE

ANTONIO DEJESUS, §
§ No. 621, 2015
  Defendant Below, §
  Appellant, § Court Below: Superior Court
§ of the State of Delaware
  v. §
§ Cr. ID No. 1102022304
STATE OF DELAWARE, §
§
  Plaintiff Below, §
  Appellee. §

Submitted: December 7, 2015
Decided: February 1, 2016

Before **VALIHURA**, **VAUGHN** and **SEITZ**, Justices.

## ORDER

This 1st day of February 2016, it appears to the Court that:

(1) This appeal is from the appellant's conviction and sentencing on October 14, 2015 on a violation of probation. The appellant, Antonio DeJesus, filed the notice of appeal on November 16, 2015. Under Supreme Court Rule 6, the notice of appeal was due to be filed on or before November 13, 2015.[1]

(2) On November 16, 2015, the Clerk issued a notice under Supreme Court Rule 29(b), directing DeJesus to show cause why the appeal should not be dismissed as untimely filed. In response, DeJesus explains that he had difficulty

---

[1] *See* Del. Supr. Ct. R. 6(a)(iii) (providing that a notice of appeal must be filed within thirty days of sentencing).

acquiring the notice of appeal form from the prison law library and the postage required from the prison commissary. He asks the Court to accept the appeal as timely filed.

(3) "Time is a jurisdictional requirement."[2] The jurisdictional defect created by the untimely filing of an appeal cannot be excused unless the appellant can demonstrate that the delay in filing the appeal is attributable to court-related personnel.[3] An appellant's *pro se* status does not excuse a failure to comply strictly with the Court's jurisdictional requirements.[4]

(4) DeJesus does not contend, and the record does not reflect, that his failure to timely file the notice of appeal is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.

NOW, THEREFORE, IT IS ORDERED under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

_____
Justice

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

[3] *McMillan v. State*, 2013 WL 5974110 (Del. Nov. 7, 2013) (citing *Bey v. State*, 402 A.2d 362, 363 (Del. 1979)).

[4] *Alcock v. Residence Inn by Marriott, Inc.*, 2012 WL 2870217 (Del. July 12, 2012) (citing *Carr v. State*, 554 A.2d 778, 779 (Del. 1989)).

2